### HOWELL v. McCRELESS. (No. 6484.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1920. Rehearing Denied Jan. 19, 1921.)

1. Brokers ⟨key⟩71—Client liable for full commission when note of third party cannot be given as agreed.

Where defendant agreed to pay plaintiff for effecting an exchange of property with K., $1,250 in cash and $1,250 in a note to be executed by K., but K. in completing the exchange made no notes, defendant was liable for the full $2,500.

2. Brokers ⟨key⟩88(5) — In action for commission, evidence of broker's fraud insufficient to go to jury.

In a broker's action for commissions on an exchange of land, the court properly refused to submit to the jury the question of the broker's fraudulent representations as to the value of the property obtained by defendant by the exchange, where there was no evidence that defendant was misled by the misrepresentations and thereby induced to promise to pay the commissions, and he at no time objected to the value of the property after inspecting it or sought to repudiate or alter his promise to plaintiff, but on the contrary confirmed it.

3. Brokers ⟨key⟩65(1) — That agreed commission was based on excessive valuation of land held not to defeat recovery.

That defendant's agreement to pay plaintiff $2,500 for effecting an exchange of property was based on an excessive valuation of the property received by defendant did not defeat a recovery, where he did not object to the valuation until he sought to evade payment of the commission and did not depend on plaintiff's representations, but made his offer of exchange subject to inspection and traded at arm's length and with his eyes open.

Error from District Court, Dimmit County; J. F. Mullally, Judge.

Action by J. O. McCreless against Lee Howell. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. H. Davis, of Carrizo Springs, and T. F. Mangum, of San Antonio, for plaintiff in error.

Vandervoort & Johnson, of Carrizo Springs, for defendant in error.

FLY, C. J. This is a suit to recover $2,500, alleged to be due on a contract on the part of the plaintiff in error to pay defendant in error as commissions for effecting an exchange. The cause was submitted on special issues, and the court upon receiving the verdict rendered judgment in favor of defendant in error for $2,792.90. This is the second time this case has been before this court. 210 S. W. 972.

The evidence showed that plaintiff in error agreed to pay defendant in error the sum of $2,500, of which $1,250 was to be in cash and $1,250 in a note to be executed by Knight, for effecting an exchange of certain properties; that of plaintiff in error being lands in Texas, and that of Knight city property in Los Angeles, Cal. The uncontradicted evidence shows that defendant in error performed the service and that it was worth the sum of $2,500. No part of it was paid, although plaintiff accepted the service and profited by it.

There is no merit in the first assignment of error. Plaintiff in error was allowed to present all the testimony as to the alleged misrepresentations made by defendant in error in regard to the value of the Los Angeles property, and the evidence showed that plaintiff in error, before concluding the exchange, went to Los Angeles, thoroughly investigated location, value, and rental revenues of the property, and made no objections whatever as to the value. He objected to nothing except some amounts for which the property was bound, payment of which was demanded at once. That matter was arranged and the exchange made. Both parties to the exchange knew that inflated values were, as usual in case of exchanges, placed on the respective properties. Each was satisfied.

[1] The first agreement made between the parties to this suit was that plaintiff in error was to give defendant in error $1,250 in cash and $1,250 in a note to be executed by

---

Knight in the exchange. Knight executed no notes, and therefore such note could not be given to defendant in error; but plaintiff in error will not be permitted to evade payment by a failure to give the note. The court properly rendered judgment for $2,500, which plaintiff in error in justice and good conscience owed defendant in error. The evidence showed that plaintiff in error admitted at the time the trade was closed that he owed defendant the commission, and that commission was necessarily the $2,500. It was plainly and fully alleged that plaintiff in error had refused to pay any part of the commission. He at no time, when approached about the commission, repudiated it or denied his obligation to pay it. The second assignment is overruled.

The third assignment of error is without merit. The court properly submitted the issue as to the agreement to pay the commission.

[2] The fourth assignment of error assails the action of the court in refusing to submit four requested questions to the jury, all bearing on representations made by defendant in error as to the value of the California property. There was no evidence tending to show that plaintiff in error was misled by such representation and thereby induced to promise $2,500 in commissions. He at no time made any objection to the value of the California property after he had inspected it, nor at any time sought to repudiate or alter the promise to pay the $2,500, but on the contrary confirmed it. No fraud was shown, and consequently the court properly refused to place it before the jury.

[3] There was evidence tending to show that defendant in error demanded a flat commission of $2,500 for effecting an exchange of the property. When the negotiations began, defendant in error told plaintiff in error:

"Mr. Howell, I want you to figure so as to pay me $2,500 on this deal."

Even if that commission was based on a $100,000 valuation on the California property, plaintiff in error did not object to that valuation until he sought to evade payment of the commission which he had promised to pay. Plaintiff in error did not depend upon any representations made by defendant in error, but made his offer of an exchange, in writing, "subject to a thorough inspection of his property which I will make within a reasonable time after his inspection and approval of my property." In his letters plaintiff in error indicated that he was not acting on the representations of defendant in error, but, if on any, those of Knight, and he evidently gave small heed to those, but relied on his own inspection. He traded at arm's length, and with his eyes open. The fifth,

sixth, seventh, eighth, and ninth assignments of error are overruled.

The judgment is affirmed.

SMITH, J., entered his disqualification and did not sit in this case.